UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK NYQUEST, | No. 2:18-cv-1120-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| ROBERT CAMOO, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Mark Nyquest, proceeding without counsel, commenced this action and requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF Nos. 1, 2.) Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Liberally construed, plaintiff's complaint alleges that in plaintiff's criminal case pending in Placer County Superior Court, the judge improperly bullied plaintiff into accepting house arrest by threatening to revoke plaintiff's bail. Plaintiff purports to state a claim under 42 U.S.C. § 1983 for violation of his constitutional right to liberty, naming Eugene Gini (a Placer County Superior Court judge), Scott Owens (a Placer County prosecutor), Robert Camoo (a Placer County public defender), and a bail bonds company as defendants. Plaintiff seeks an order restraining the state

1

trial court from violating plaintiff's constitutional rights, placing plaintiff back on bail with a trial date, restraining the trial court from remanding plaintiff to custody due to vague reasons, preventing any abuses of power by the trial court, and taking away the qualified immunity of the state trial court actors.  (See generally ECF No. 1.)

Plaintiff's present action is plainly precluded by the Younger abstention doctrine.  See Younger v. Harris, 401 U.S. 37 (1971).  As the Ninth Circuit Court of Appeals has explained: "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism.  We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (internal citations omitted).  Here, plaintiff's ongoing criminal case is undoubtedly a state-initiated proceeding.  The criminal case also implicates an important state interest, i.e., vindication of the state's criminal laws by virtue of a state judicial proceeding.  Additionally, plaintiff is not barred from litigating federal constitutional issues in his state court criminal case.  Plaintiff may raise any objections based on federal constitutional rights before the state trial court, and may also appeal adverse rulings to the state appellate courts.  Finally, the relief requested by plaintiff (including an order directing that plaintiff be placed back on bail) would clearly interfere with the state court's conduct of the criminal case.  Consequently, Younger abstention is required.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied without prejudice as moot.
3. The Clerk of Court be directed to close this case.

////

2

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: June 7, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE